UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AFSCME COUNCIL 4, AFSCME LOCAL 196, CARLA BOLAND, LINN MILLER, SALVATORE LUCIANO, KELLY CASHMAN, and JOHN LITTLE, <br>     Plaintiffs, <br><br> v. <br><br> RENEE JACKSON, <br>     Defendant. | No. 3:12-cv-1420 (SRU) |

### RULING ON PENDING MOTIONS AND ORDER DISMISSING CASE WITHOUT PREJUDICE

The plaintiffs, AFSCME Council 4, AFSCME Local 196, Carla Boland, Linn Miller, Salvatore Luciano, Kelly Cashman, and John Little (collectively, "the plaintiffs"), brought this action pursuant to the All Writs Act, 28 U.S.C. § 1651, and the "relitigation exception" to the Anti-Injunction Act, 28 U.S.C. § 2283, to enjoin the *pro se* defendant, Renne Jackson ("Jackson"), from attempting to relitigate matters in state superior court that were previously decided in federal court.  *See* Am. Compl. (doc. # 38).  Now pending are the plaintiffs' motions for temporary restraining order (docs. # 39 and # 40), preliminary injunction (doc. # 42), permanent injunction (doc. # 44), and summary judgment (doc. # 52).  For the reasons that follow, the motions are DENIED and the case is hereby DISMISSED without prejudice.

**I.     Background**

This case arises out of a prior civil rights action that Jackson filed against the plaintiffs in federal district court.  *See Jackson v. AFSCME Local 196*, No. 3:07-cv-471 (JCH) (hereinafter "the Prior Action"[1]).  On March 29, 2010, Judge Janet C. Hall granted summary judgment in

---

[1] The plaintiffs have outlined the facts and procedural history of the Prior Action in

favor of the defendants (here, the plaintiffs) on all of Jackson's claims. *See Jackson v. AFSCME Local 196*, No. 3:07-cv-471 (JCH), 2010 WL 1286771, at *12 (D. Conn. Mar. 29, 2010).[2]  Judge Hall subsequently denied Jackson's various motions for reconsideration, *see Jackson v. AFSCME Local 196*, No. 3:07-cv-471 (JCH), 2010 WL 4681157, at *1 (D. Conn. Nov. 5, 2010), and granted the defendants' (here, the plaintiffs') bill of costs in the amount of $8,625.56, *see Jackson*, No. 3:07-cv-471 (JCH) (docs. # 403 and # 410).  Jackson appealed, raising substantially the same issues that she previously raised in her unsuccessful motions for reconsideration. Thereafter, on October 27, 2011, the Second Circuit issued its mandate dismissing Jackson's appeal in its entirety, and denying Jackson's motions for rehearing and reconsideration. *See Jackson v. Connecticut*, No. 10-4913 (2d Cir. 2011) (doc. # 154).

On September 11, 2012, the plaintiffs, pursuant to Conn. Gen. Stat. § 52-605, sought to register their judgment from the Prior Action in Connecticut Superior Court and collect on their award of costs. *See Jackson v. AFSCME Local 196*, No. HHD-CV-12-4064228-S (Conn. Super. Ct. J.D. Hartford).  In response, Jackson filed what she called a "Motion for Relief Under Rule 60 (Writ of Audita Querela)" (hereinafter "Jackson's Motion"), which provided a limited chronology of her CHRO and federal case history and requested that the state court vacate the

---

excruciating detail.  *See, e.g.*, Am. Compl. ¶¶ 16-108 (doc. # 38); Mem. of Law in Supp. of Pls.' Mot. for Summ. J. at 3-41 (doc. # 52-3)   For the sake of brevity, I will only provide the factual background needed to decide the pending motions.

[2] In April 2010, after Judge Hall granted summary judgment in favor of the defendants (here, the plaintiffs), Jackson filed a subsequent CHRO complaint, which raised substantially similar claims to those raised in the federal action.  *See* CHRO Compl., attached as Ex. 2 to Pls.' Am. Compl. (doc. # 38-4).  The plaintiffs here originally sought to enjoin further proceedings in that CHRO action.  *See* Compl. (doc. # 1).  However, on November 23, 2012, the CHRO complaint was administratively dismissed on grounds of res judicata, among other reasons.  *See* CHRO Administrative Dismissal, *Jackson v. AFSCME Local 196 & AFSCME Council 4*, CHRO No. 1010396, EEOC No. 16a201000958, attached as Ex. 3 to Pls.' Am. Compl. (doc. # 38-7).  Therefore, the proceedings before the CHRO are no longer at issue.

district court's judgment and award of costs for abuse of discretion.  *See* Jackson's Motion, attached as Ex. 5 to Pls.' Am. Compl. (doc. # 38-10).  According to the plaintiffs, Jackson's Motion is merely an attempt to relitigate in state court claims that were previously decided in federal court—claims that cannot be reconsidered under principles of res judicata.  On that basis, the plaintiffs seek to permanently enjoin Jackson from proceeding with a hearing on her motion in state court.

## II.     Discussion

"The All Writs Act, 28 U.S.C. § 1651, authorizes federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'"  *Wyly v. Weiss*, 697 F.3d 131, 137 (2d Cir. 2012) (quoting 28 U.S.C. § 1651(a)).  This broad authority, however, is limited by the Anti-Injunction Act, 28 U.S.C. § 2283, which generally bars a federal court from enjoining a proceeding in state court with certain limited exceptions.  *See Ret. Sys. of Ala. v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 425 (2d Cir. 2004).  One such exception—known as the "relitigation" exception—permits a federal court to enjoin a state court proceeding "to protect or effectuate its judgments."  28 U.S.C. § 2283.[3]

"The relitigation exception, which was designed to implement well-recognized concepts of claim and issue preclusion, authorizes a federal court to enjoin state litigation of a claim or issue that previously was presented to and decided by the federal court."  *Wyly*, 697 F.3d at 139 (internal quotations omitted).[4]  Because "issuing an injunction under the relitigation exception is

---

[3] The other two exceptions, which permit a federal court to enjoin a state court proceeding where "expressly authorized by Act of Congress" or "where necessary in aid of its jurisdiction" are not relevant here.  *See* 28 U.S.C. § 2283.

[4] Although the relitigation exception is rooted in principles of res judicata, the exception is "more narrowly tailored than the doctrine of res judicata."  *Staffer v. Bouchard Transp. Co., Inc.*, 878 F.2d 638, 643 (2d Cir. 1989).  While res judicata bars both claims that were litigated

resorting to heavy artillery . . . an injunction can issue only if preclusion is clear beyond peradventure." *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2375-76 (2011).  Thus, "'[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'"  *Wyly*, 697 F.3d at 137 (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)).  Furthermore, an "injunction of state court proceedings, even where warranted, is discretionary" and "the Supreme Court has admonished lower courts to refrain from enjoining state court proceedings unless absolutely necessary."  *Staffer v. Bouchard Transp. Co., Inc.*, 878 F.2d 638, 644 (2d Cir. 1989) (citation omitted).

Here, even assuming, *arguendo*, that res judicata or issue preclusion applies to the claims raised by Jackson's Motion, therefore triggering the relitigation exception, I nevertheless decline to exercise my discretion to issue an injunction halting the proceedings in state court.  At this stage, the plaintiffs have already fully briefed the state court on the prior decisions of the district court and the Second Circuit, and the learned state judge is more than capable of determining whether—and to what extent—those decisions are entitled to preclusive effect.  Because the issue is now squarely before the state court, an injunction would only serve to interfere with the state court's own decision making, and principles of comity and dual sovereignty militate strongly against federal intervention in this context.  *See Smith*, 131 S. Ct. at 2375 ("[A] court does not usually get to dictate to other courts the preclusion consequences of its own judgment. . . . Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court.") (internal citation and quotation marks omitted); *Mitchum v. Foster*, 407 U.S. 225,

---

and claims that could (and should) have been raised previously but were not, the relitigation exception "extends only to matters that actually have been decided by a federal court."  *Tyco Intern. Ltd. v. Walsh*, No. 02-cv-4633 (DLC), 2010 WL 3447910, at *3 (S.D.N.Y. Sept. 1, 2010)

243 (1972) (noting that "principles of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding").  Indeed, "the Supreme Court has stated a preference for allowing the court in which the action is still pending to consider any preclusive effect of a parallel judgment through application of res judicata," *Blue Cross of California v. SmithKline Beecham Clinical Labs., Inc.*, 108 F. Supp. 2d 130, 136 (D. Conn. 2000) (citing *Kline v. Burke Const. Co.*, 260 U.S. 226, 230 (1922)), and has made clear that, "the fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue," *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988).  Thus, "the proper forum for a complete investigation of the res judicata effects of the district court's judgment is the state court, which is presumed competent to resolve such matters."  *Staffer*, 878 F.2d at 643 (internal quotation and alternation omitted).

      Moreover, it is worth emphasizing that this is not a case in which the losing party in federal court has hauled her opponents back into state court to relitigate the same claims in a different forum.  On the contrary, the state-court proceeding at issue here was initiated *by the plaintiffs* in an effort to collect on their award of costs.  To the extent that Jackson, acting *pro se*, has raised precluded claims in response, she has done so only by way of an affirmative defense.  Thus, even if the relitigation exception arguably applies, given the procedural posture of this case and Jackson's *pro-se* status, I cannot conclude that an injunction is necessary or even warranted.  *See, e.g.*, *Atl. Coast Line*, 398 U.S. at 287 ("Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court.").

**III.   Conclusion**

---

(citations omitted).

In sum, the plaintiffs' pending motions for temporary restraining order (docs. # 39 and # 40), preliminary injunction (doc. # 42), permanent injunction (doc. # 44), and summary judgment (doc. # 52) are DENIED. Further, because the Amended Complaint itself seeks the same injunctive relief that was the subject of the plaintiffs' pending motions, for substantially the reasons articulated above, the Amended Complaint is hereby DISMISSED without prejudice. The plaintiffs may re-file their complaint if Jackson initiates another CHRO or other action seeking to relitigate the same claims actually adjudicated in her prior federal case. The Clerk shall close this file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 9th day of May 2013.

 /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge